**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **REGINA KLOSTER,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| **v.** | ) | **No. 07-4126-JAR–JTR** |
| **MICHAEL J. ASTRUE, Commissioner of Social Security,** | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(I), 223, 1602 and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(I), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act). Finding the ALJ failed to fully develop the record and failed to ask the vocational expert whether the evidence she provided conflicts with information in the Dictionary of Occupational Titles (DOT), the court recommends that the case be remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

## I. Background

Plaintiff applied for DIB and SSI in December, 2003 alleging disability beginning May 1, 2003. (R. 28, 89-91, 253-56). The claims were denied initially and upon reconsideration, and plaintiff sought a hearing before an Administrative Law Judge (ALJ). (R. 28, 34-35, 51-52, 257-58). The ALJ held a hearing on May 4, 2006 at which plaintiff appeared pro se and waived her right to representation. (R. 28, 259-61). At the hearing testimony was taken from plaintiff, plaintiff's mother, a medical expert, and a vocational expert. (R. 28, 260-90). Thereafter, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act, and denying plaintiff's applications. (R. 28-33).

Specifically, the ALJ found that plaintiff has the "severe" impairment of seizure disorder but does not have an impairment or combination of impairments which meets or medically equals the severity of an impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). (R. 30). The ALJ evaluated the medical opinions and the credibility of plaintiff's allegations of symptoms resulting from her impairments, and assessed plaintiff's residual functional capacity (RFC). (R. 31-33). He determined that plaintiff has an RFC limited only by the fact that she cannot climb stairs, may not work near dangerous machinery, and must not drive. (R. 31). Based upon this RFC, the ALJ determined that plaintiff is able to perform her past

relevant work as a cashier, bus person, or housekeeper and is therefore not disabled within the meaning of the Act. (R. 33). He denied plaintiff's applications. Id.

Plaintiff disagreed with the decision and sought but was denied Appeals Council review. (R. 7-10, 21-22). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 7); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review.

## II. Legal Standard

The court's review is guided by the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, it is such evidence as a reasonable mind might accept to support a conclusion. Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Serv., 933 F.2d 799,

800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to last for a continuous period of at least twelve months or to result in death. 42 U.S.C. § 423(d). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. Id.

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2007); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has severe impairments, and whether the severity of her impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Id. at 750-51. If plaintiff's impairments do no meet or equal the severity of a listing, the Commissioner assesses claimant's RFC before continuing. 20 C.F.R. §§ 404.1520, 416.920. This assessment is used at both step four and step five of the process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform her past relevant work, and whether she is able to perform other work in the national economy. Williams, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show other jobs in the economy within plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred in failing to adequately develop the record, in failing to obtain a consultative examination, in evaluating the credibility of plaintiff's allegations of symptoms, and in failing to apply Social Security

Ruling, (SSR) 00-4p and the court's holding in Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999). The Commissioner asserts that the ALJ properly evaluated plaintiff's disability claim, and substantial evidence in the record as a whole supports the decision reached. The court begins by considering whether the ALJ fully and fairly developed the record.

**III. Duty to Develop the Record**

The Tenth Circuit has explained the relevant standard to determine whether the Commissioner has properly developed the record regarding a claimant's alleged disability.

> "It is beyond dispute that the burden to prove disability in a social security case is on the claimant." Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997); 20 C.F.R. § 404.1512(a) ("[Y]ou must bring to our attention everything that shows that you are ... disabled."). Nevertheless, because a social security disability hearing is a nonadversarial proceeding, the ALJ is "responsible in every case 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" Hawkins, 113 F.3d at 1164 (quoting Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360-61 (10th Cir. 1993)); 20 C.F.R. § 404.944 (requiring the ALJ to "look[ ] fully into the issues"). Generally, this means that the "ALJ has the duty to ... obtain [ ] pertinent, available medical records which come to his attention during the course of the hearing." Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). Moreover, the ALJ's "duty is heightened" when a claimant . . . appears before the ALJ without counsel. Henrie, 13 F.3d at 361; Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992) (same); see also Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir. 1987) ("The [ALJ's] duty of inquiry takes on special urgency when the claimant has little education and is unrepresented by counsel.").

Madrid v. Barnhart, 447 F.3d 788, 790 (10th Cir. 2006).

Here, plaintiff was unrepresented before the ALJ. (R. 28, 261). Moreover, the medical expert testified that he thinks "there has to be some cognitive difficulty. . . I'm not sure what's going on, but, but her memory is, is not normal, I don't believe." (R. 285). Therefore, in the circumstances and in accordance with the law of the Tenth Circuit, the ALJ had a heightened duty to develop the record. Dr. Habib was the first doctor listed on plaintiff's "Disability Report" to the Social Security Administration. (R. 108). In that report, plaintiff also noted that Dr. Habib had ordered one of her EEG's. (R. 113). On March 29, 2006, about a month before the ALJ hearing, plaintiff again listed Dr. Habib as her doctor. (R. 188). At the hearing, when asked by the medical expert "who's your doctor now?," plaintiff replied, "I was seeing Dr. Habib." (R. 277).

It is plaintiff's duty to provide evidence of disability. She has met her burden by pointing out her impairments, raising the issue of a disabling impairment, and explaining who her treating physicians are. She made it clear on the record that Dr. Habib is her doctor, yet there is no evidence that any attempt was made to obtain records from Dr. Habib, there is no explanation for this oversight, and the only report from Dr. Habib which the court was able to locate is a "Consultation" report signed by Dr. Habib and included within Exhibit 2F (emergency room records from St. John Hospital). (R. 198-99).

The record reveals Dr. Habib treated plaintiff for seizures, plaintiff informed the Commissioner of this fact, and no request was made for Dr. Habib's treatment records; yet Dr. Habib's records appear to be material to the issue of whether plaintiff's seizures are in fact disabling. Therefore, the court finds that the ALJ failed his duty to develop the record in this regard.

Plaintiff also asserts that the ALJ failed his duty to obtain records of plaintiff's EEG from Providence Medical Center, but the record indicates that records were in fact obtained from Providence pursuant to a record request dated Dec. 15, 2003. (R. 213-15). Although the request did not produce the EEG report at issue, plaintiff does not provide a basis to find that further attempts or inquiries were necessary in the circumstances. If desired, plaintiff may seek these records on remand.

Because medical records will presumably be secured from Dr. Habib on remand, the court cannot determine at this point whether a consultative examination will be necessary after those records and any other evidence are secured. Therefore, a determination whether a consultative examination is necessary would be premature and should be left for the Commissioner in the first instance. Moreover, it will be necessary for the Commissioner to make a new credibility determination after he has secured and considered Dr. Habib's medical records and a consultative examination, if necessary. Therefore, it is also premature to

address the credibility of plaintiff's allegations of symptoms at this time.

However, the court finds error in the ALJ's application of SSR 00-4p, and addresses that error at this time in an attempt to prevent repetition of the same error on remand.

**IV. SSR 00-4p**

In November, 1999, the Tenth Circuit decided that before an ALJ may rely on vocational expert (VE) testimony, the ALJ has a duty to ask the VE how the testimony corresponds with the DOT and to elicit a reasonable explanation for any conflict. Haddock v. Apfel, 196 F.3d 1084, 1089 (10th Cir. 1999). On June 20, 2000, the Commissioner published Acquiescence Ruling 00-3(10) in which she explained that she would apply the holding of Haddock within the Tenth Circuit although that holding conflicted with her interpretation of the Act. Acquiescence Ruling 00-3, West's Soc. Sec. Reporting Serv., Rulings, 492 (2008 Supp.). Thereafter, the Commissioner published SSR 00-4p, effective December 4, 2000. West's Soc. Sec. Rep. Serv., Rulings, 242 (Supp. 2008). In SSR 00-4p, the Commissioner rescinded Acquiescence Ruling 00-3(10), and established a policy interpretation for the use of VE testimony and "Other Reliable Occupational Information in Disability Decisions." Id. at 243.

In the ruling, the Commissioner placed two duties on the ALJ. First, the ALJ must "identify and obtain a reasonable

explanation for any conflicts between occupational evidence provided by VEs . . . and information in the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO)." Id. (emphasis added). Second, the ALJ was given the duty to "[e]xplain in the determination or decision how any conflict that has been identified was resolved." Id. Thus, SSR 00-4p places the affirmative responsibility on the ALJ to "[a]sk the VE . . . if the evidence he or she has provided conflicts with information provided in the DOT," and where VE "evidence appears to conflict with the DOT, . . . [to] obtain a reasonable explanation for the apparent conflict." Id. at 246.

Therefore, the ALJ in this case had a duty to identify any conflicts between the DOT and the VE testimony and to explain how those conflicts were resolved. Plaintiff claims there is such a conflict in this case which the ALJ failed to identify and resolve. The Commissioner acknowledges that the ALJ did not specifically ask the VE about conflicts between her testimony and the DOT. (Comm'r R. 13). He argues, however, that the ALJ found the VE testimony consistent with the DOT, and explains how, in his view, substantial evidence in the record supports that finding. Id. at 13-14. He argues that even if the failure to ask the VE about any potential conflicts, is error, the error is

harmless. Because this case is being remanded for other errors, the court will not engage in harmless error analysis here.

As the Commissioner notes, the ALJ found that, "Pursuant to SSR 00-04p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (R. 33). However, the ALJ did not ask the VE if her testimony was consistent with the DOT. (R. 106-08). Thus, it is not clear what the ALJ relied upon in finding that the testimony is consistent with the DOT; he did not explain the finding in the decision. Moreover, had he done so, it is not clear that the explanation would have been sufficient, since the ALJ is not a vocational expert qualified to evaluate whether testimony is consistent with the DOT. On remand, if the Commissioner is to rely upon VE testimony, he must comply with SSR 00-4p and (1) ask the VE if the testimony conflicts with the DOT, and if so, (2) obtain a reasonable explanation for the apparent conflict. West's Soc. Sec. Rep. Serv., Rulings, 246 (Supp. 2008).

**IT IS THEREFORE RECOMMENDED** that the decision be REVERSED and that judgment be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case to the Commissioner for further proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the

parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 28th day of August 2008, at Wichita, Kansas.

s/John Thomas Reid
**JOHN THOMAS REID**
**United States Magistrate Judge**